JAY GRIGGS, Publisher Hudson Star-Observer
You have asked for my opinion on the state of the law regarding access to records on ambulance calls. As you are well aware, the subject twice received the attention of the Legislature during the last session and, as indicated by the legal opinions you have received from other sources, the meaning of the resultant current law is in contention.
Special attention is now given to ambulance records in section 146.50(12), Stats. This section was initially created by1987 Wisconsin Act 70 and then amended by 1987 Wisconsin Act 399. It reads as follows:
 (12) CONFIDENTIALITY OF RECORDS. (a) All records made by a licensed ambulance service provider or an ambulance attendant relating to the administration of emergency care procedures to and the handling and transportation of sick, disabled or injured persons shall be maintained as confidential patient health care records subject to the requirements of ss. 146.82 and 146.83 and, if applicable, s. 146.025(5)(a) (intro.), (6), (8) and (9). For the purposes of this paragraph, a licensed ambulance service provider and a licensed ambulance attendant shall be considered to be a health care provider under s. 146.81(1). Nothing in this paragraph permits disclosure to a licensed ambulance service provider or a licensed ambulance attendant under s. 146.025(5)(a), except under s. 146.025(5)(a)11. *Page 72 
 (b) Notwithstanding par. (a), a licensed ambulance service provider, who is an authority, as defined in s. 19.32(1), may make available, to any requester, information contained on a record of an ambulance run which identifies the ambulance service provider and ambulance attendants involved; date of the call; dispatch and response times of the ambulance; reason for the dispatch; location to which the ambulance was dispatched; destination, if any, to which the patient was transported by ambulance; and name, age and gender of the patient. No information disclosed under this paragraph may contain details of the medical history, condition or emergency treatment of any patient.
Prior to this enactment, records of an ambulance service which fell within the definition of an "authority" under section19.32(2) were subject to the general provisions of the state public records law. That is, records in the custody of an "authority" are presumed to be available for inspection and copying unless access is specifically limited by statute or common law or unless the custodian properly determines that the interests to be protected by nondisclosure outweigh the general presumption in favor of access. Hathaway v. Green Bay SchoolDist., 116 Wis.2d 388, 397, 342 N.W.2d 682 (1984).
The first sentence of section 146.50(12)(a) clearly creates a specific statutory confidentiality provision which is incorporated into the public records law by sections 19.35(1)(a) and 19.36(1). It states as a general rule that ambulance call records are to be treated as confidential patient health care records.
However, section 146.50(12)(b) then goes on to provide that "notwithstanding par. (a)," an ambulance service provider "may make available, to any requester" certain specified types of information.
Your district attorney is of the opinion that the use of the term "may" in section 146.50(12)(b) grants the ambulance provider the discretion to determine which of the authorized information will *Page 73 
be released. Under this interpretation, the term "may" confers personal discretion on the custodian.
An attorney representing media interest has maintained that the provisions of section 146.50(12)(b) are intended to make the described information available under the general provisions of the public records law. Under this interpretation, the phrase "may make available" is used as a general exception to the confidentiality provision. The effect is that notwithstanding the confidentiality provision, the described information may be made available under the public records law.
In my opinion, a reasonable person could arrive at either one of these interpretations. Both interpretations are consistent with the common meaning of the term "may" in that both are permissive. The difference is that the former interpretation confers personal discretionary authority on individual ambulance record custodians. The latter interpretation is an acknowledgement that the custodian may make the described records available in compliance with the public records law without fear of violating the confidentiality provision.
I agree with the suggestion of the media's counsel that the Legislature probably used the term "may" rather than "shall" in section 146.50(12)(b) because the use of "shall" would have made this an absolute right of access statute. The provision would have required the custodian to make available the kinds of information described in section 146.50(12)(b) and the use of the terms "shall make available" in this specific setting would have barred the custodian from withholding any information under the common law balancing test which is otherwise available as a possible exception under the general public records law. State exrel. Bilder v. Delavan Tp., 112 Wis.2d 539, 553, 334 N.W.2d 252
(1983).
The strength of either interpretation depends on one's focus. If you focus on the provisions of section 146.50(12) alone, the interpretation conferring personal discretion on the custodian appears intended. But if the provision is read in context with an *Page 74 
overarching public records law, the other interpretation has more appeal.
In legal parlance, the statute may be considered ambiguous because a reasonable person could reasonably arrive at either of the two competing interpretations, and such ambiguity can stem from the interaction with another statute. State ex rel.Newspapers v. Showers, 135 Wis.2d 77, 87, 398 N.W.2d 154 (1987). Given this ambiguity, it is appropriate to examine the legislative history, purpose and context of the legislation involved[1] and in particular to look for indicia of the intended relationship between the provisions of section 146.50(12) and the public records law.
An examination of the drafting file in the Legislative Reference Bureau reveals that the provisions in section 146.50(12) actually arose out of an ongoing disagreement over whether ambulance records were subject to disclosure under the public records law. The language in section 146.50(12) was apparently drafted and submitted by the Department of Health and Social Services with the following rationale expressed:
Rationale
 For the past two or three years there has been a disagreement between the media and ambulance providers regarding whether ambulance reports are confidential patient records or not. The media has argued that they are public records; providers have argued that they are patient records. Clarification is needed. These amendments allow disclosure of basic information about an ambulance run, but preserve the confidentiality of patient specific information.
1987 Assembly Bill 678, Legislative Reference Bureau file.
The page on which the foregoing appears is dated July 1 1985. Another record in the file provides the following "Explanatory Note": *Page 75 
 A great deal of information contained in the ambulance run report forms and other reports completed during ambulance care and transportation of a patient deal with the medical condition of the patient. Release of such information to the public without appropriate safeguards could be embarrassing or detrimental to the patient. For these reasons, medical records in general have been exempted from the open records provisions in the statutes. However, since the licensed ambulance attendant and EMT-Paramedic are not specifically included in the definition of "health care professionals" in s. 146.81(1), Wis. Stats., most ambulance run records do not fall into the category of confidential patient health care records.
 The attorney general has issued an informal opinion that ambulance run reports created by services falling under the open records law must be handled under that law unless they specifically fit under some statutory grant of confidentiality. While the case can be made that certain ambulance run reports are confidential because they are completed under the direction of a physician and others might be exempted from open records treatment under a balancing test, the entire area is ambiguous under current law. DHSS legal counsel has advised that the best way to clear up this ambiguity is to specify in the statutes how ambulance run records are to be treated. This change accomplishes that clarification by making the medical portions of ambulance run records confidential patient health care records.
1987 Assembly Bill 678, Legislative Reference Bureau file.
From this information, it is clear that a primary purpose of section 146.50(12) was to address public records issues and it follows necessarily that its provisions are intended to be read in the context of the overarching public records law.
In light of the materials in the drafting file, it becomes more clear that the primary purpose of the confidentiality provision is to protect patient medical information and not other information *Page 76 
about ambulance operations. There is the sense of compromise. The most sensitive information is made confidential; the rest is not.
Therefore, it is my opinion that in enacting section 146.50(12)(b), the Legislature intended that the information described therein be subject to the public records law. The individual custodians of ambulances do not have total personal discretion to grant or deny access. Pursuant to the public records law, a custodian on a case-by-case basis may consider denying access to the kind of information described in section 146.50(12)(b) only if he or she determines that the interest to be protected by nondisclosure outweighs the general presumption in favor of access.
DJH:RWL
[1] Showers, 135 Wis.2d at 87. *Page 77